■ In the Matter of NICHOLAS S. JANIS, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— In a proceeding to vacate or modify an arbitrator's award, in which a cross motion was made by appellant to confirm the award, the appeal is from an order of the Supreme Court, Suffolk County, entered May 17, 1973, which modified the award and directed entry of judgment upon the award as thus modified. Order reversed, on the law, without costs, and proceeding remanded to the arbitrator, with the direction that he amend his award in accordance with the views herein set forth. The arbitrator's award was made upon petitioner's uninsured motorist claim for personal injuries. The award was in favor of petitioner against appellant in the amount of $3,750. The order under review modified the award by adding thereto the words "for pain and suffering exclusive of all costs of medical treatment." Special Term's addition of these words would result in the award's indication that the arbitrator had passed only upon petitioner's pain and suffering damage, exclusive of his claims for medical and hospital expenses. However, the record is unclear whether the arbitrator considered the medical and hospital expenses at the time of the arbitration. Hence, the matter should be remanded to the arbitrator for the purpose of his indicating whether, in his award, he considered this issue in making his award or whether he limited his determination to the issues of pain and suffering only. Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.

■ In the Matter of JOSEPH KUSCHER, Doing Business as LINCOLN TERRACE TAVERN, Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated July 31, 1973, canceling petitioner's liquor license and imposing a bond claim of $1,000, the appeal is from a judgment of the Supreme Court, Kings County, dated October 12, 1973, which dismissed the proceeding on the merits. Judgment reversed, on the law, without costs; petition granted to the extent that respondent's determination is modified by reducing the penalty to a 30-day suspension of the license and a $500 bond claim; petition dismissed on the merits in all other respects; and respondent's determination confirmed as modified herein. The penalty imposed was excessive and an abuse of discretion to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.